UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION
Case No. 08-10041-CIV-KING

GWENN H. SMITH,

    Plaintiff,

v.

CITIZENS PROPERTY INSURANCE CORP.,
CARLISLE FIELDS AND COMPANY, USI
INSURANCE SERVICES OF FLORIDA, INC.
and HARLEYSVILLE MUTUAL INSURANCE
COMPANY,

    Defendants.

## PLAINTIFF'S OPPOSITION TO DEFENDANT CITIZENS PROPERTY INSURANCE CORP.'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Plaintiff, by and through her undersigned counsel, files Plaintiff's Opposition to Defendant Citizens Property Insurance Corp.'s Motion to Dismiss, and as grounds states the following:

1. On or about April 25, 2008, Plaintiff Gwenn H. Smith (the "Plaintiff") brought an action against Citizens Property Insurance Corp. (the "Citizens") and various other defendants in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida. (*See* First Amended Complaint).

2. On May 8, 2008, Citizens served its Motion to Dismiss the First Amended Complaint.

3. Shortly thereafter, Plaintiff's counsel conferred with Defendant Citizens' counsel and was informed that Harleysveille Mutual Insurance Company (the "Harleysville") intended to remove the action to Federal Court. Plaintiff therefore informed Citizens' counsel that it would not file a response or set the Motion to Dismiss for hearing until Harleysville responded to the First Amended Complaint.

4. On May 21, 2008, Harleysville served its Notice of Removal by U.S. mail delivery asserting exclusive original jurisdiction over this action pursuant to 42 U.S.C. § 4072.

5. On May 28, 2008, Harleysville answered the First Amended Complaint.

6. In Citizens' Motion to Dismiss, Citizens asserts that the First Amended Complaint's Count I and IV should be dismissed for the following reasons:

    a. Counts I and IV intermingle allegations which are directed toward more than one defendant, thereby violating the requirements set forth in Fla.R.Civ.P. 1.110.

    b. Count IV impermissibly and prematurely brings an action for bad faith against Citizens, in violation of well-settled Florida law.

    *See* Citizens Motion to Dismiss, Paragraph 3.

7. Citizens' Motion to Dismiss applies the Florida Rules of Civil Procedure and Statutes. Plaintiff contends that Citizens' Motion to Dismiss must be re-filed stating proper grounds for dismissal under the relevant Federal Rules of Civil Procedure and Federal Statutes, but in an abundance of caution, Plaintiff files her response to Citizens' Motion to Dismiss.

## MEMORANDUM OF LAW

1. <u>Counts I and IV Comply with Fla.R.Civ.P. 1.110 and Fed.R.Civ.P. 8(e) and 10(b)</u>

Citizens claims that because Count I and Count IV of the First Amended Complaint incorporates Paragraphs 1-33 and 1-56, respectively, it would be required to respond to allegations brought against the other Defendants. Fla.R.Civ.P. 1.110 (f) clearly states "each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense **when a separation facilitates the clear presentation of the matter set forth.**" (Emphasis Added).

Citizens asserts that because ¶ 34 of Count I incorporates all assertions set forth in paragraphs 1-33, Plaintiff has intermingled allegations involving all Defendants within the claim for Declaratory

2

Relief, which is brought solely against Citizens and Harleysville. Citizens claims that similarly, in Count IV, Plaintiff incorporates all assertions in Paragraphs 1-56, thereby intermingling allegations going to all Defendants. Finally, Citizens asserts that unless Counts I and IV are dismissed Citizens would have to respond to allegations against the other Co-Defendants.

Citizens fails to state how it is unable to deny such allegations because the matter is not set forth clearly as is required under Fla.R.Civ.P. 1.110. Citizens states it would have to respond to the allegations against other Co-Defendants. Citizens clearly is capable of responding to allegations against other Defendants under both the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure simply by stating Defendant is without knowledge of this allegation or it requires no answer or reavering the answers to the allegations above. *See* Fla.R.Civ.P. 1.110(c) and Fed.R.Civ.P. 8(b). Citizens does not allege that individual paragraphs impermissibly blend allegations against two Defendants, only that Citizens would have to respond to allegations of which it may be without knowledge. Citizens is capable of answering yet claims it can not.

Citizens cites *Greene v. Seminole Elec Co-Op, Inc.,* 701 So.2d 646, 648 (Fla. 5th DCA 1997) claiming it holds that "Plaintiff should be allowed to amend his complaint to state his claims in separate counts." *See* Citizens Motion to Dismiss. However, *Greene* does not rely on the Rules of Civil Procedure, rather the factual allegations alleged by the Plaintiff. *Greene* was dismissed by the lower Court because the lower Court determined that Greene was not handicapped under Fla. Stat. § 760.10, that his claim was barred by the statute of limitations and that he failed to state a cause of action for harassment. *See Greene v. Seminole Elec Co-Op, Inc.,* 701 So.2d 646, 647-648 (Fla. 5th DCA 1997). The Appellate Court reversed the lower court's ruling, holding that if all facts are taken as true, the Plaintiff could prevail on his three counts and therefore, the Plaintiff "should be allowed to amend his complaint to state in separate counts his causes of action **for discrimination, hostile work environment, and retaliation**."(emphasis added). *id.* at 648. *Greene* does not speak to intermingling

3

of allegations and thus has no relation to Citizens' argument and should not be considered relevant for its argument.

      2.      <u>Count IV has no relation to a bad faith claim</u>

Citizens' claims that Plaintiff has prematurely brought a bad faith claim by alleging Count IV. Fla. Stat. § 624.155(1)(b)(1) allows a person to bring an action for bad faith when the insurer does not attempt in good faith to settle claims, when under all circumstances, it could and should have done so. . . .However, Plaintiff's Count IV does not allege that Citizens has not attempted to settle a valid claim and has thus acted in bad faith – rather Plaintiff alleges that Citizens' agent misrepresented material facts which Plaintiff relied on to her detriment and has suffered hundreds of thousands of dollars of damages.

Plaintiff's Count IV is an alternate theory of recovery based solely on Citizens agent's representations to Plaintiff, and but for this negligent representation, Plaintiff would not have incurred the expense of a new golf cart fleet. In order to prevail, Plaintiff must show that the golf carts were not covered by Citizens and Plaintiff relied on Citizens agent's representation of coverage. Whereas, in order to prevail in a bad faith action, Plaintiff would have to show that they were a covered loss and Citizens did not reasonably attempt to settle in good faith. Thus, a bad faith claim and negligent misrepresentation are two separate and distinct causes of action.

Citizens' further claims that Plaintiff cannot bring a bad faith action pursuant to Fla. Stat. § 626.9541(1)(i)(2) or (3). Citizens highlights the first two lines of Fla. Stat. § 626.9541(1)(i)(2) then skips ahead to highlight Fla. Stat. § 626.9541(1)(i)(3)(b). Citizens argument misapplies the statute, as when these two sections of Fla. Stat. § 626.9541(1)(i) are read in their entirety it is clear that this statute focuses on what an insured must allege for a bad faith claim where there is a continual unfair and deceptive practice. Fla. Stat. § 626.9541 title is "**Unfair methods of competition and unfair or deceptive acts or practices defined**" (emphasis added). Fla. Stat. § 626.9541 only applies in limited

circumstances when the insurer has engaged in a practice or a pattern of denying the insured or misrepresenting pertinent facts of insurance provisions relating to coverage issues. Plaintiff does not allege that the material misrepresentations where "for the purpose and with intent of effecting settlement of such claims", as is required by Fla. Stat. § 626.9541(1)(i)(2), nor does Plaintiff allege that Citizens has committed or performed with such frequency as to indicate a general business practice of misrepresenting pertinent facts relating to coverage, as is required by Fla. Stat. § 626.9541(1)(i)(3). Plaintiff simply alleges an act of negligent misrepresentation by the insurer. Plaintiff's allegations do not fall under this section, and thus Citizens motion must be denied.

## CONCLUSION

Citizens' Motion to Dismiss fails to state proper grounds to dismiss Plaintiff's First Amended Complaint because the statutes it claims give rise to dismissal do not apply to the First Amended Complaint pled in either Federal or State Court.

WHEREFORE, the Plaintiff, Gwenn H. Smith, prays this Court deny Citizens Motion to Dismiss, or, in the alternative, allow Plaintiff to amend her pleadings, and grant such other further relief as is necessary.

JERRY COLEMAN, P.L.
201 Front Street Suite 203
Key West, Florida 33040
Telephone   305-292-3095
Facsimile    305-296-6200
*Attorneys for Defendants*


s/Barton Smith_____
Barton Smith
Florida Bar No. 0020169
bart@jerrycolemanpl.net

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro sec parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

JERRY COLEMAN, P.L.
201 Front Street Suite 203
Key West, Florida 33040
Telephone   305-292-3095
Facsimile    305-296-6200
*Attorneys for Defendants*


s/Barton Smith_____
Barton Smith
Florida Bar No. 0020169
bart@jerrycolemanpl.net

## SERVICE LIST

Copies To:

Ms. Kathleen Bonczyk
Ms. Alicia Lyons Laufer
RUBINTON & LAUFER, LLC
*Attorneys for Citizens Property Insurance Corp.*
2200 N.W. Corporate Boulevard,
Suite 404
Boca Raton, Florida 33431
Served via CM/ECF

Ms. Jessica Kirkwood Alley, Esq.
Lawrence P. Ingram
PHELPS DUNBAR, LLP
*Attorneys for Carlisle Fields and Company*
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
Served via U.S. CM/ECF

Ms. Nancy H. Henry, Esq.
Mr. Ryan Cobbs, Esq.
CARLTON FIELDS, P.A.
*Attorneys for Defendant USI*
4000 Bank of America Tower
100 S.E. Second Street
Miami, Florida 33131
Served via U.S. Mail delivery

J. Michael Pennekamp
FOWLER WHITE BURNETT P.A.
*Attorneys for Harleysville Mutual Insurance Company*
Espirito Santo Plaza, 14th Floor
1395 Brickell Ave Ste 14
Miami, Florida 33131-3302
Served via CM/ECF